CÓRDOVA, APPELLANT, *v.* THE REGISTRAR OF ARECIBO, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Relative to the Record of a Deed of Bargain and Sale.

No. 227.—Decided April 29, 1915.

APPEAL—ADMINISTRATIVE APPEAL—RECORD OF TITLE—ACQUIESCENCE—JURISDICTION.—When the grounds of the decision appealed from are the consequence

of what appeared in the registry in a previous record which was acquiesced in, this court is without jurisdiction in an administrative appeal to determine whether the right of the purchaser, and consequently that of the vendor, should have been recorded without limitation.

The facts are stated in the opinion.

*Mr. Manuel Paz Urdaz* for the appellant.

Mr. José Marcial López, the respondent registrar, appeared *pro se*.

MR. JUSTICE DEL TORO delivered the opinion of the court.

Upon presentation for record in the Registry of Property of Arecibo of a public deed executed on June 10, 1907, by which Pantaleón Soto and his four children, León, Facundo, Evangelista, and Feliciano Soto y Picón, sold to Francisco S. Córdova their undetermined interests in two properties which had been segregated from other larger properties owned by them under equal conditions, the registrar admitted the deed to record but made the entry in the following form:

"This document is recorded as shown by the notes on the margin of the description of each of the properties, said records being subject to the result of the liquidation of the conjugal partnership of Pantaleón Soto and María Picón."

Alleging that the entry made by the registrar amounted to a curable defect, the purchaser, Francisco S. Córdova, took the present appeal from the decision of the registrar, which appeal he modified later to apply to only one of the properties.

The registrar was cited and in his answer stated that the records of the registry showed that "Upon the death of María Picón y Rojas her legitimate children, León, Facundo, Evangelista, and Feliciano Soto y Picón, and her surviving husband, Pantaleón Soto y Picón, were designated as her intestate heirs in the proportions fixed by law, and the said heirs recorded their common and undivided hereditary rights and interests in said property No. 1981, stating that such record was subject to the result of the liquidation of the

conjugal partnership of the deceased with Pantaleón Soto Picón.''

According to the answer of the registrar, this means that the note at the foot of the deed of 1907 is a consequence of the statement made in the registry at the time the rights of the vendors were recorded.

This being the case, we are of the opinion that the decision appealed from should be affirmed without entering upon a consideration of the merits of the legal question involved therein, because this court lacks jurisdiction to consider the same in this administrative appeal.

The legal status created by the recording of the designation of heirs in the name of the vendors was acquiesced in by them and neither the vendors who acquiesced in the former decision nor the purchaser who acquired the property in the manner in which it is recorded in the registry can now obtain through an administrative appeal a decision as to whether the right of the purchaser, and consequently that of the vendors, should have been recorded without any limitation.

The appeal should be

*Dismissed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.